IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| UNIQUE SMITH, | § | |
| | § | No. 243, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2009007545 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: September 4, 2024
Decided: October 28, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     Unique Smith appeals the Superior Court's denial of his second motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Smith's opening brief that his appeal is without merit. We agree and affirm.

(2)     In October 2020, a Superior Court grand jury indicted Smith for first-degree murder, possession of a firearm during the commission of a felony (PFDCF), third-degree assault, carrying a concealed deadly weapon, and offensive touching. On October 6, 2021, Smith pleaded guilty to manslaughter, as a lesser-included-

offense of first-degree murder, and PFDCF. In exchange for his plea, the State agreed to dismiss the remaining charges and to cap its sentencing recommendation at 25 years of unsuspended incarceration. Following a presentence investigation, on November 19, 2021, the Superior Court sentenced Smith as follows: for manslaughter, to 25 years of incarceration, suspended after 12 years followed by decreasing levels of supervision; and for PFDCF, to 25 years of incarceration, suspended after 10 years followed by two years of Level III probation. Smith did not appeal, but, with the assistance of counsel ("trial counsel"), filed a timely motion for sentence modification. The Superior Court denied the motion,[1] and we affirmed its denial on appeal.[2]

(3) After the Supreme Court mandate issued, trial counsel, who also represented Smith on appeal, sent a letter to Smith, enclosing a copy of this Court's order affirming the Superior Court's denial of his motion for sentence modification. Trial counsel's letter incorrectly stated that this Court had denied Smith's direct appeal and informed him that he had one year from the date the mandate issued on March 17, 2023, to file a timely motion for postconviction relief under Superior Court Criminal Rule 61.[3] In fact, Smith had one year from the date his conviction became final on December 19, 2021, to file a timely motion for postconviction

---

[1] *State v. Smith*, 2022 WL 1158559 (Del. Super. Ct. Apr. 18, 2022).
[2] *Smith v. State*, 2023 WL 2289140 (Del. Mar. 1, 2023).
[3] Opening Br., Ex. C.

relief.[4]  In other words, by the time Smith received trial counsel's letter in March 2023, the deadline for the timely filing of a motion for postconviction relief had passed almost three months earlier—in December 2022.

(4)    Nevertheless, Smith, now proceeding *pro se*, filed what he believed to be a timely motion for postconviction relief on July 24, 2023, raising various ineffective-assistance-of-counsel claims.  Much of Smith's motion focused on his belief that video footage of the shooting of the victim, Jeffrey Adkins, would have undermined the State's case if it had been shown to a jury.  In the last sentence of his motion, Smith also claimed that "a person of interest" had been shot and killed, "possibly in retaliation" for Adkins' shooting—evidence that Smith argued was exculpatory.[5]  The Superior Court denied Smith's motion, finding that (i) the motion was procedurally barred as untimely, and (ii) Smith could not avail himself of the new-evidence-of-actual-innocence exception to the procedural bar because the video footage, which had been shared with defense counsel, was neither new evidence nor evidence of Smith's actual innocence.[6]  Smith did not appeal.

(5)    In May 2024, Smith filed a second motion for postconviction relief, arguing that trial counsel was ineffective for failing to file a direct appeal on Smith's

---

[4] Del. Super. Ct. Crim. R. 61(i)(1) (providing that a motion for postconviction relief "may not be filed more than one year after the judgment of conviction is final"); Del. Super. Crim. Ct. R. 61(m)(1)(i) (providing that a judgment of conviction is final "[i]f the defendant does not file a direct appeal, 30 days after the Superior Court imposes sentence").
[5] State's Mt. to Affirm, Ex. D.
[6] *State v. Smith*, 2023 WL 5031712 (Del. Super. Ct. Aug. 7, 2023).

behalf—a fact that Smith claimed he only learned upon receiving the Superior Court's decision denying his first motion for postconviction relief. The Superior Court denied Smith's second motion as procedurally barred.[7] In so doing, the court implied that trial counsel had, in fact, filed a direct appeal on Smith's behalf and stated that trial counsel had accurately informed Smith of his postconviction rights.[8] This appeal followed.

(6) In his opening brief on appeal, Smith raises three arguments: (i) if trial counsel had, in fact, correctly informed Smith that he had until March 16, 2024, to file a timely motion for postconviction relief, the Superior Court improperly denied his first motion as untimely; (ii) the Superior Court misconstrued the "actual innocence" argument that he raised in his first motion for postconviction relief; and (iii) the Superior Court conflated his appeal from the denial of his motion for sentence modification, which trial counsel filed (and briefed), with a direct appeal of his conviction, which trial counsel did not file. Although the Superior Court inaccurately opined that trial counsel had accurately advised Smith of the deadline to file a motion for postconviction relief and implied that trial counsel had filed a direct appeal on Smith's behalf when he had not, we nevertheless affirm the Superior

---

[7] *State v. Smith*, 2024 WL 2815341 (Del. Super. Ct. May 31, 2024).

[8] *Id*. at *2–3 ("You state that Trial Counsel failed to timely file a direct appeal with the Delaware Supreme Court. This is incorrect. You pled guilty and were sentenced. Your Trial Counsel then filed a Motion for Reduction of Sentence…, which was denied…. Your Trial Counsel then filed an appeal of that ruling…. You cast aspersions on Trial Counsel for failing to properly advise you of your appellate and postconviction rights. This is false.").

Court's judgment on the independent and alternative ground that Smith's second motion for postconviction relief was subject to summary dismissal.[9]

(7)    We review the Superior Court's denial of postconviction relief for abuse of discretion.[10]    We review *de novo* claims of constitutional violations, including claims of ineffective assistance of counsel.[11]    Under the well-known standard set forth in *Strickland v. Washington*,[12] in order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (i) trial counsel's representation fell below an objective standard of reasonableness (the "performance prong"),[13] and (ii) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different (the "prejudice prong").[14]    Before examining the merits of a motion for postconviction relief, however, "our courts must first apply the rules governing the procedural requirements for relief set forth in Rule 61."[15]

(8)    Here, both of Smith's motions for postconviction relief were procedurally barred.    Smith's *first* motion was filed more than one year after his

---

[9] *See Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (recognizing that this Court may affirm a lower court's judgment on the basis of a different rationale than that which was articulated by the trial court).

[10] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).

[11] *Id.*

[12] 466 U.S. 668 (1984).

[13] *Id.* at 687–88.

[14] *Id.* at 694.

[15] *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002).

convictions became final and was procedurally barred because it was untimely. Smith could not avail himself of the new-evidence-of-actual-innocence exception to this procedural bar because neither his claim that "a person of interest" was killed in "apparent" retaliation for Adkins' killing nor his claim regarding the inconclusive nature of the video footage of Adkins' shooting was new evidence of Smith's actual innocence. Indeed, Smith does not identify this person of interest, nor does he explain how this person's death exonerates Smith. And, as the Superior Court observed, the video footage had been disclosed to trial counsel before trial. Smith's *second* motion for postconviction relief was subject to summary dismissal under Rule 61(d).[16]

(9) Although the Superior Court did not abuse its discretion when it denied Smith's second motion for postconviction relief, for sake of completeness, we address the claim of error Smith raised below and those he makes on appeal. Regarding Smith's argument below—that trial counsel was ineffective for failing to file a direct appeal from Smith's convictions and sentence—even if Smith had raised this claim in a timely fashion, he would not be entitled to relief. Assuming *arguendo* that trial counsel did not file an appeal after Smith advised trial counsel that he

---

[16] *See* Del. Super. Ct. Crim. R. 61(d)(2) (providing that a second or subsequent motion for postconviction relief must be summarily dismissed unless the movant was convicted after a trial and the motion pleads with particularity (i) new evidence of actual innocence or (ii) that a new rule of constitutional law, made retroactive to cases on collateral review, applies to the movant's case and renders the conviction invalid).

wished to appeal *and* that trial counsel's failure to do so was objectively unreasonable, Smith cannot show that an appeal would have been successful. Smith does not identify any claims of error that he would have raised on appeal, and, importantly, by pleading guilty, Smith waived his right to challenge any errors or defects that took place before the court accepted his plea, even those of constitutional dimension.[17] Simply put, Smith was not prejudiced by trial counsel's failure to file a direct appeal.[18]

(10) Turning to Smith's arguments advanced on appeal, as noted above and despite the Superior Court's incorrect statement that trial counsel correctly advised Smith of the deadline for filing a motion for postconviction relief, the Superior Court properly denied Smith's first motion for postconviction relief because it was untimely. Second, to the extent that Smith disagreed with the Superior Court's characterization of his claim of actual innocence, his recourse was to seek review of the Superior Court's denial of his first motion for postconviction relief in this Court.

---

[17] *Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004). Smith cites the recent case of *State v. Tisinger*, 2024 WL 1757229 (Del. Super. Ct. Apr. 23, 2024), for the proposition that the trial court should have vacated his sentence and resentenced him to allow him to file a direct appeal. Smith's reliance is misplaced: unlike Smith, Tisinger (i) went to trial and (ii) filed a timely motion for postconviction relief.

[18] *See Green v. State*, 238 A.3d 160, 174–75 (Del. 2020) ("[The Court] may dispose of an ineffective-assistance claim based on the absence of sufficient prejudice without addressing the performance prong if, in fact, prejudice is lacking."). We also note that Smith received a legal sentence. From a practical standpoint, therefore, the filing of a timely motion for sentence modification in the Superior Court was more likely to result in a favorable outcome for Smith than the filing of a direct appeal.

He did not. In any event and as noted above, the allegedly retaliatory killing of a "person of interest" is not new evidence of Smith's actual innocence. Third, any conflation on the part of the Superior Court with a direct appeal and an appeal from the court's denial of Smith's motion for sentence modification was harmless: Smith's second motion for postconviction relief was unequivocally procedurally barred as a successive motion following the entry of a guilty plea.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

8